FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 9:56 am, Jun 05, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| YVES SANTAIS, | |
| Plaintiff, | CIVIL ACTION NO.: 5:18-cv-55 |
| v. | |
| CORECIVIC, INC.; CAPTAIN MALCOLM JONES; LINDA WALKER; and MS. BILTING, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. Doc. 15. I conducted the requisite frivolity review of Plaintiff's Complaint and determined Plaintiff's admission that he had failed to exhaust his administrative remedies required dismissal of Plaintiff's Complaint under Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008). Doc. 14 at 3–4. However, Plaintiff filed the instant Objections to the Report and Recommendation, clarifying the facts he alleges in his Complaint. Doc. 15.

In his Objections, Plaintiff, who is a non-English speaker, asserts he has been unable to grieve the denial of his access to the law library because prison officials have withheld grievance forms. Id. at 3–4. Plaintiff correctly cites to Turner, which holds that inmates need not craft new procedures to exhaust their administrative remedies when prison officials demonstrate they will not abide by the established ones.[1] Id. at 4 (citing Turner, 541 F.3d at 1083–85). Accordingly, I

---

[1] This conclusion does not necessarily foreclose the issue of exhaustion of administrative remedies in this case. Rather, I conclude that, based on Plaintiff's allegations and Objections, his Complaint is not due to be dismissed for failure to exhaust at this stage of the litigation.

**VACATE** my April 7, 2020 Report and Recommendation and consider Plaintiff's Complaint anew.

Taking Plaintiff's allegations as true, he plausibly asserts non-frivolous retaliation and denial of access to courts claims against Defendants Jones, Bilting, and Walker. Doc. 1. However, Plaintiff makes no allegation connecting CoreCivic, Inc. to his cause of action. Though CoreCivic, Inc. is a private entity, prison contractors are considered state actors. Therefore, CoreCivic is subject to suit under § 1983. See Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003). However, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. Nesmith v. Corr. Corp. of Am., Case No. CV507-043, 2007 WL 2453584, at *2 (S.D. Ga. Aug. 23, 2007) (holding private contractor who runs prison cannot be held liable under § 1983 on *respondeat superior* or vicarious liability basis). "Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution." Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).

Therefore, to hold an employer such as CoreCivic liable, Plaintiff must demonstrate that either CoreCivic actually participated in the alleged constitutional violation or there is a causal connection between the actions of CoreCivic and the alleged constitutional violation. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff does not allege that Defendant CoreCivic actually participated in any purported constitutional violation; indeed, CoreCivic is missing from Plaintiff's factual allegations entirely. Similarly, Plaintiff fails to allege a causal connection between Defendant CoreCivic and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397,

2

401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). Furthermore, Plaintiff has not alleged that CoreCivic implemented an improper custom or policy, directed its subordinates to act unlawfully, or knew they would act unlawfully and failed to stop them from doing so. Thus, Plaintiff has failed to allege any facts that would result in liability for CoreCivic, and I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against CoreCivic.

## CONCLUSION

For the foregoing reasons, the Court **VACATES** the April 7, 2020 Report and Recommendation. Doc. 14. A copy of Plaintiff's Complaint, doc. 1, Plaintiff's Objections, doc. 15, and a copy of this Order shall be served upon Defendants Jones, Walker, and Bilting by the United States Marshal without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report upon Plaintiff.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver

of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## **INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION**

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request that the defendant waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.5.  A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness in order and word-for-word during the deposition. Fed. R. Civ. P. 30(c). Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## **<u>INSTRUCTIONS TO PLAINTIFF</u>**

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P.

5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard

6

cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant.  Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.  A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### **ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both.  Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service.  Failure to respond shall indicate that there is no opposition to a motion.  Local R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does

not oppose the Defendant's motion.  Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be met by reliance on the conclusory allegations contained within the complaint.  If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts.  If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of June, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA