FILED
Scott L. Poff, Clerk
United States District Court

By MGarcia at 3:15 pm, Nov 17, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

YVES SANTAIS,

      Plaintiff,

    v.

MALCOLM JONES; LINDA WALKER; and
MS. BILTING,

      Defendants.

CIVIL ACTION NO.: 5:18-cv-55

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order. Doc. 23. Defendants filed a Response to Plaintiff's Motion. Doc. 24. For the following reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Temporary Restraining Order.

Plaintiff seeks a temporary restraining order against Defendant Jones based on two events. Doc. 23 at 4. First, Plaintiff complains another prison official, who is not named in this case, searched his room and confiscated legal materials. Id. Additionally, Plaintiff states Defendant Jones confiscated Plaintiff's face mask, putting him at risk for a COVID-19 exposure. Id. at 4–5. According to Plaintiff, these incidents show that a protective order is necessary. Id. at 7. Further, Plaintiff argues he is likely to prevail on the merits because of Defendant Jones' continued harassment but does not relate these allegations to his access to courts claim currently before the Court. Id. at 1; Doc. 16 at 2.

To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or

protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001). If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time. At this early stage, Plaintiff has not shown the requisite likelihood of success on the merits of his claims. Though Plaintiff claims he is likely to succeed on the merits of the case, he provides no showing that he is, in fact, likely to succeed on his access to court claim. Instead, he describes two unrelated incidents involving the confiscation of his personal property in his Motion. Further, it is clear from the attachments Plaintiff submitted that

another prison official, not Defendant Jones, confiscated the items in his cell, none of which were legal materials. Doc. 23-1 at 2.

Plaintiff also fails to show he will suffer irreparable injury if the Court does not issue a temporary restraining order. Even taking Plaintiff's allegations as true, he states he now has a facemask and does not allege he is unable to pursue any nonfrivolous legal claim based on the alleged confiscation of legal materials. Doc. 23 at 5. Finally, Plaintiff makes no argument as to the third and fourth temporary restraining argument requirements. That is, Plaintiff does not carry his burden of showing the threatened injury outweighs the harm an injunction or protective order would inflict on the non-movant or the injunction or protective order would not be adverse to the public interest. Thus, Plaintiff fails to meet his burden and is not entitled to a temporary restraining order. Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's request for injunctive relief.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Temporary Restraining Order.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions

on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.  Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of November, 2020.

    _____
    BENJAMIN W. CHEESBRO
    UNITED STATES MAGISTRATE JUDGE
    SOUTHERN DISTRICT OF GEORGIA