IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| YVES SANTAIS, | |
| Plaintiff, | CIVIL ACTION NO.: 5:18-cv-55 |
| v. | |
| CAPTAIN MALCOM JONES; LINDA WALKER; and MS. BILTING, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' unopposed Motion for Summary Judgment, filed January 26, 2021. Doc. 29. The Clerk of Court mailed a Notice to Plaintiff advising him Defendants filed a Motion for Summary Judgment and that a response must be filed by February 16, 2021. Doc. 30. The Court's Notice further advised Plaintiff:

1. If you do not timely respond to this motion . . ., the consequence may be the Court will deem the motion unopposed, and the Court may enter judgment against you;

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence; and

3. If a summary judgment motion is properly supported, you may not rest on the allegations in you [Complaint] alone.

Id. This Notice was not returned to the Clerk of Court as undeliverable to Plaintiff. However, Plaintiff has not filed a response, and the time to do so has passed.

However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United

States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).

The time for Plaintiff to file a response has elapsed, and Defendants' Motion is now ripe for adjudication. For the following reasons, I **RECOMMEND** the Court **GRANT** Defendants' unopposed Motion for Summary Judgment, **DIRECT** the Clerk of Court to enter the appropriate judgment and **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

**I.     Plaintiff's Allegations and Procedural History**

Plaintiff filed this action under 42 U.S.C. § 1983, asserting First Amendment access-to-court and retaliation claims against Defendants Bilting, CoreCivic Inc., Jones, and Walker. Doc. 1. In his Complaint, Plaintiff alleges Defendant Jones prevented him from having access the law library at Coffee Correctional Facility. Doc. 1-1 at 2. At the time of filing his suit, Plaintiff still had not been able to access the law library. Id. at 4. Plaintiff explains he was directed to contact Defendants Walker and Bilting about the revocation of his law library privileges, but his efforts were unsuccessful. Id. At the time Plaintiff's law library access was taken, he was pursuing a civil claim against Defendant Jones and asserts the revocation of his library access was part of a "conspiracy against him." Id. Further, Plaintiff claims the lack of access to the law library harmed his civil suit against Defendant Jones because he could not fully respond to a motion in that case. Id.

After conducting frivolity review, the Court dismissed Plaintiff's claims against Defendant CoreCivic. Doc. 17. However, Plaintiff was permitted to proceed on his First

Amendment access-to-courts and retaliation claims against Defendants Bilting, Jones, and Walker.  Id.  Defendants Bilting, Jones, and Walker now move for summary judgment and dismissal as to Plaintiff's claims.  Doc. 29.  Defendants filed the instant Motion for Summary Judgment on January 26, 2021, and Plaintiff failed to respond.  Id.  The Motion is ripe for review.

## II.     Undisputed Material Facts

It is important to note at the outset the allegations in Plaintiff's Complaint are not to be considered in resolving Defendants' Motion for Summary Judgment.  See Chambliss v. Buckner, 804 F. Supp. 2d 1240, 1248 (M.D. Ala. 2011) ("Allegations in an unsworn complaint are not evidence for purposes of summary judgment and, thus, cannot be considered.") (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Defendants submitted a Statement of Material Facts ("Defendants' SMF") in support of their Motion for Summary Judgment, in accordance with the Federal Rule of Civil Procedure 56 and Local Rule 56.1.  Doc. 29-1.  Defendants' SMF is supported by the Affidavit of Dalessandro Johnson, a copy of Coffee Correctional Facility's Access to Courts Policy and Plaintiff's Law Library Documents, and the Affidavit of Malcolm Jones.[1]  Docs. 29-3, 29-4, and 29-9.  Additionally, Defendants request the Court take judicial notice of the filings and Orders entered in Santais' prior lawsuit, Santais v. Jones (Santais I), No. 5:16-cv-80 (S.D. Ga. June 22, 2016).  A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment, including filings in a case.  Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (citing Bryant v.

---

[1]      Defendants also filed exhibits supporting their argument Plaintiff's Complaint should be dismissed for failure to exhaust his administrative remedies.  See Docs. 29-4 to 29-8, 28-10.  As explained below, the Court declines to address Defendants' arguments related to exhaustion of administrative remedies and, therefore, will not include a summary of the facts relating to those arguments.

Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)). Accordingly, the Court will take judicial notice of its own records in Santais' prior civil rights case filed in this Court. Id.; Fed. R. Evid. 201(b), (c) (indicating a court may take judicial notice on its own of a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). The undisputed facts for summary judgment follow.

### A. Previous Litigation Related to Plaintiff's Current Access-to-Courts Claim

Plaintiff's access-to-courts claim relates to an alleged deprivation of access to the law library while incarcerated a Coffee Correctional Facility and pursuit of civil claims against Defendant Jones, as well as others not named in this suit. Plaintiff filed a lawsuit against Defendant Jones on June 22, 2016. Santais I, ECF No. 1. In Santais I, Plaintiff was an active litigant, filing pleadings and motions, as well as successfully opposing a motion for summary judgment, filing a motion in limine, and submitting an exhibit list and multiple requests for jury instructions prior to trial. Id. at ECF Nos. 30, 42, 52, 53, 65, 70. Plaintiff's claim against Defendant Jones was tried by a jury, which returned a verdict in Defendant Jones' favor. Id. at ECF Nos. 73, 74.

Prior to trial in Santais I, Plaintiff filed a motion alleging prison officials revoked his access to the law library in order to hinder his efforts in litigating his claims; in his motion, Plaintiff requested the Court order the prison to reinstate his library access. Id. at ECF Nos. 38, 40. The Court denied Plaintiff's motion, observing it did not appear Plaintiff had suffered any injury relating to the alleged denial of access to the law library. Id. at ECF No. 40, p. 6. Nevertheless, the Court directed defense counsel in that case to ensure Plaintiff was receiving proper access to legal research. Id., pp. 6–7. Importantly, the Court declined to decide whether Plaintiff received inadequate access to legal materials or whether Plaintiff suffered a

4

constitutional violation based on these allegations. Id. Plaintiff then filed a timely notice of appeal to the Eleventh Circuit Court of Appeals. Id. at ECF No. 75. Plaintiff filed a principal and reply brief, dated December 12, 2019, and February 3, 2020, respectively, in support of his appeal. The Eleventh Circuit affirmed the jury's verdict on November 25, 2020, and issued a mandate to the District Court on December 2, 2020, to make the opinion of the Eleventh Circuit the opinion of the Court. Id. at ECF Nos. 92, 93.

### B. Access to Legal Materials at Coffee Correctional Facility

Coffee Correctional Facility, where Plaintiff is incarcerated, maintains a law library for inmates in accordance with state and federal law. Doc. 29-3 at 2–3; Doc. 29-4. To access the law library, an inmate is required to submit a written request for library time. Doc. 29-3 at 3. After receiving the request, prison staff will schedule an inmate for a two-hour law library session, typically occurring a week after the request. Id. Under prison policy, inmates are typically permitted to access the law library for two hours a week. Id. However, an inmate may request additional time if he can document an upcoming court or litigation-related deadline and receive up to six hours per week of library time, which constitutes "extra" library time. Id.

Plaintiff received access to the law library whenever he submitted a proper request for library time. Id. at 3–4. Plaintiff had access to the library multiple times from 2017 to 2020, including in September 2017 and twice in October 2017. Doc. 29-5 at 2–7. Other dates of access to the law library all coincide with Plaintiff's filings in Santais I and its appeal. Doc. 29-2 at 3–4. Any period without access to the law library occurred solely because Plaintiff did not submit a request for library time. Doc. 29-3 at 4. Defendant Jones has never restricted Plaintiff's law library access, nor is he aware of Plaintiff's library access being restricted in any way. Doc. 29-9 at 2–3. Further, Defendant Jones' duties do not involve the operation of law

library, including scheduling law library sessions, processing requests for access to the law library, or establishing prison polices related to library access. Id.

## DISCUSSION

I.   **Legal Standard**

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)). "If the evidence [produced by the nonmoving party] is merely colorable or is not significantly probative summary judgment must be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the nonmoving party's case or the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). Once the party moving for

summary judgment satisfies its initial burden, the burden shifts to the non-moving party to come forward with specific facts showing a genuine dispute for trial. Hinson v. Bias, 927 F.3d 1103, 1115 (11th Cir. 2019). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

## II.   Plaintiff's Access-to-Courts Claim

First, Defendants argue they are entitled to summary judgment on Plaintiff's access-to-courts claim because Plaintiff cannot establish a violation of his First Amendment rights. Doc. 29-1 at 9. Specifically, Defendants argue Plaintiff cannot establish he was denied access to the courts. Id. at 11. Additionally, Defendants assert Plaintiff has not alleged, and cannot show, he was injured as a result of the alleged restrictions on his library access. Id.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Id. The access must be "adequate, effective, and meaningful." Id.

Access to courts claims are "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher, 536 U.S. at 415. The claims are intended to "to provide vindication for a separate and distinct right to seek judicial relief." Harrison v. United States, 577 F. App'x 911, 912–13 (11th Cir. 2014) (quoting Barbour v. Haley, 471 F.3d 1222, 1226 (11th Cir. 2006)). Accordingly, to have standing to bring an

access to courts claim, the prisoner-plaintiff must show the actions of prison officials "actually injured" his ability to bring a non-frivolous appeal of a criminal conviction, a habeas petition, or a civil rights suit. Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Christopher, 536 U.S. at 415; Al-Amin v. Smith, 511 F.3d 1217, 1332 (11th Cir. 2008); Wilson v. Blankenship, 163 F.3d 1284, 1290 & n.10 (11th Cir. 1998) ("[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action."). "The injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." Cunningham v. Dist. Attorney's Off. for Escambia Cnty., 592 F.3d 1237, 1271 (11th Cir. 2010). "To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, . . . that results from actions of prison officials." Miller v. Donald, 132 F. App'x 270, 272 (11th Cir. 2005) (citing Wilson, 163 F.3d at 1290–91). There is no issue of material fact when the non-moving party has failed to prove the existence of an element essential to his case. Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415.

This right to access to the courts also "requires prison authorities to . . . provide prisoners with adequate law libraries . . . ." Wilson, 163 F.3d at 1290 (quoting Bounds, 430 U.S. at 828). This right is not an "'abstract, freestanding right to a law library or legal assistance,' so a prisoner bringing a deprivation of access to court claim must allege actual injury as a 'constitutional prerequisite.'" Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009) (quoting Lewis, 518 U.S. at 351–52). In other words, "in an access-to-courts claim, 'a plaintiff cannot merely allege a denial of access to a[n adequate] law library . . . , even if the denial is systemic.'"

8

Wilson, 163 F.3d at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)). "To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case, that results from actions of prison officials." Donald, 132 F. App'x at 272 (citing Wilson, 163 F.3d at 1290–91).

Plaintiff alleges in his Complaint Defendants interfered with his access to the law library while he was prosecuting his civil rights claim against Defendant Jones. Doc. 1-1. Defendants argue the undisputed material facts show Plaintiff's access to the law library was never impermissibly restricted. Doc. 29-1 at 9–11. Defendants are correct.

Plaintiff accessed the library twice in October 2017, less than a month after he alleges his access was "revoked" by prison officials. Doc. 29-5 at 2, 3. Similarly, any allegations by Plaintiff that he is still unable to access the law library is contradicted by the record. Plaintiff has consistently accessed the law library since filing this suit, including numerous times in 2018, 2019, and 2020. See generally Doc. 29-5.

Additionally, Coffee Correctional Facility procedures provide an inmate must submit a request form to access the law library. Doc. 29-3 at 3.; Doc. 29-4. After a request is submitted, library staff schedule two-hour law library sessions, typically one week after an inmate submits a request. Doc. 29-3 at 3; Doc. 29-4. Importantly, each time Plaintiff submitted a proper request to use the law library, that request was granted, and a law library visit was scheduled for him. Doc. 29-3 at 4. Finally, Defendant Jones never prevented Plaintiff from accessing the law library, he was not aware of any restrictions to Plaintiff's use of the law library, and his responsibilities do not involve the operation of the law library or inmates' access to it. Doc. 29-9 at 2–3.

Moreover, even if Defendants did restrict Plaintiff's access to Coffee Correctional Facility's law library, the evidence before the Court reveals Plaintiff does not present a genuine dispute as to the injury requirement. As explained above, Plaintiff must show an "actual injury" in order to succeed on an access-to-courts claim. However, Plaintiff has not shown any injury. Instead, in Santais I, Plaintiff was able to file pleadings and motions, did not miss any deadlines as a result of the alleged denial of access to the library, successfully defended a motion for summary judgment, filed a timely notice of appeal, and submitted briefs to the Eleventh Circuit in support of his claims. See Wilson, 163 F.3d at 1291 ("Because [the plaintiff] did litigate his § 1983 and Bivens cases in district court and on appeal, he cannot demonstrate that the prison officials prevented him from pursuing these causes of action."). Thus, Plaintiff has not demonstrated any denial of access to the law library resulted in actual injury.

Because Plaintiff has failed to establish the essential element of "actual injury," Defendants have demonstrated there is no dispute as to a material fact regarding Plaintiff's access-to-courts claim. Accordingly, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment as to Plaintiff's access-to-courts claim.

### III. Plaintiff's Retaliation Claim

After frivolity review, the Court also permitted Plaintiff to procced on his retaliation claim. Docs. 16, 18. Plaintiff alleged in his Complaint Defendants retaliated against him for his suit against Defendant Jones, i.e., Santais I, by refusing him access to the law library. Doc. 1-1. Defendants argue, to the extent Plaintiff states a separate claim for retaliation in addition to his substantive claim for denial of access to the courts, his claim fails. Doc. 29-1 at 13.

It is an established principle of constitutional law an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's

administrators about the conditions of his confinement." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (quoting Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008)).  It is also established an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints.  Id.  "To establish a First Amendment retaliation claim, a prisoner need not allege the violation of an additional separate and distinct constitutional right; instead, the core of the claim is that the prisoner is being retaliated against for exercising his right to free speech."  Id.  To state a retaliation claim, a plaintiff must allege the following elements: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech."  Smith, 532 F.3d at 1276 (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Moreover, a prisoner bringing a retaliation claim under § 1983 must present evidence of a "retaliatory animus" on the part of the accused defendant in order to establish causation and survive a motion for summary judgment by that defendant.  O'Bryant, 637 F.3d at 1219–20; see also Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995) (affirming summary judgment for the defendant because the plaintiff "produced nothing beyond his own conclusory allegations, suggesting that [the defendant's] actions in compliance with the strip search regulations were motivated by retaliatory animus").

Here, Plaintiff asserts Defendants retaliated against him for filing Santais I by restricting his access to the law library.  Doc. 1-1.  As explained above, Plaintiff has not shown there is a genuine dispute of material fact that his access to the law library was unconstitutionally restricted; thus, Plaintiff has not shown Defendants took any retaliatory action against him,

which is fatal to his claim against all Defendants.  Stated differently, a prisoner must show he suffered adverse action to state a First Amendment retaliation claim.  See Bennett, 423 F.3d at 1250, 1254; Smith, 532 F.3d at 1270.  Here, the undisputed material facts show Plaintiff was permitted to use the law library whenever he requested.  Doc. 29-3 at 4.  Because there is no genuine dispute of material fact that Plaintiff suffered no adverse action, he fails to meet an element of his claim, and Defendants are entitled to summary judgment on it.  See Jinks v. Medlin, No. CV 313-068, 2015 WL 4716050, at *12–13 (S.D. Ga. Aug. 7, 2015) (granting summary judgment where the undisputed facts show plaintiff has not suffered an adverse action).

Further, even if Plaintiff's library access were restricted, Plaintiff's claim still fails against Defendants Bilting and Walker because he has not shown a causal connection between the allegedly retaliatory action and his lawsuit against Defendant Jones.  Put another way, Plaintiff has not shown his protected conduct was a motivating factor for any harm he suffered by these Defendants.  O'Bryant, 637 F.3d at 1219.  Plaintiff alleges he contacted Defendants Walker and Bilting about his lack of access to the law library and they failed to remedy the situation.  However, Plaintiff does not provide any reason why Defendants Bilting or Walker would want to retaliate against him considering Santais I did not involve them.  See Thomas v. Lawrence, 421 F. App'x 926, 929 (11th Cir. 2011) (explaining plaintiff's retaliation claims fail where plaintiff's grievance complained about only one staff member and the "complaint failed to allege any facts that would suggest that any of the other named defendants had a reason to retaliate against him for filing the grievance" against the staff member named in the grievance); see also Glenn v. Gillis, No. 5:12-cv-260, 2013 WL 4096206, at *7 (N.D. Fla. Aug. 13, 2013) ("The lack of complaints about or grievances filed against a particular defendant undermines a claim of retaliatory motive, if nothing else is offered as proof of such a motive.").

12

Accordingly, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment as to Plaintiff's retaliation claims against Defendants Bilting, Walker, and Jones. Because Defendants' Motion for Summary Judgment is due to be granted, the Court declines to address whether Plaintiff's Complaint is also due to be dismissed for failure to exhaust his administrative remedies.

## IV. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues now. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims and Defendants' Motion for Summary Judgment, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendants' unopposed Motion for Summary Judgment, **DIRECT** the Clerk of Court to enter the appropriate judgment and **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 23rd day of September, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA